Craig Sanders (SBN: 284397)
csanders@sanderslaw.group
Frances Lange (SBN: 304892)
flange@sanderslaw.group
**SANDERS LAW GROUP**
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Calan Beasley,<br><br>Plaintiff,<br><br>v.<br><br>Commerce Media Holdings, LLC,<br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §501**<br><br>JURY TRIAL DEMANDED |

Plaintiff Calan Beasley ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Commerce Media Holdings, LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff created four original videos depicting live performances and appearances by recording artists Waka Flocka Flame, EsDeeKid, and Fakemink (collectively, the "Videos"), in which Plaintiff owns the rights and which Plaintiff

licenses for various uses including online and social-media publication.

3. Defendant owns and operates the music-media brand Pigeons & Planes, which publishes content through, among other channels, the Facebook page "Pigeons and Planes," the Instagram account @pigsandplans, the X account @PigsAndPlans, and the TikTok account @pigsandplans (collectively, the "Accounts").

4. Defendant, without authorization, reproduced and publicly displayed the Videos on the Accounts in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5. Plaintiff is an individual who is a citizen of the State of Ohio and maintains a principal place of business in Hamilton County, Ohio.

6. Defendant is a Delaware limited liability company with a principal place of business at 7060 Hollywood Blvd, Los Angeles, in Los Angeles County, California.

7. Defendant owns the PIGEONS & PLANES trademark and operates the Pigeons & Planes brand and the Accounts.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in California.

10. This Court has personal jurisdiction over Defendant under the applicable long-arm jurisdictional statute of California because Defendant purposefully directs substantial activities at the residents of California.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts

SLG SANDERS LAW GROUP

business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

12. Plaintiff is a professional photographer and videographer based in Cincinnati, Ohio who, operating as Forty Cal Productions, has for many years documented live music performances, festivals, and artist appearances across the United States, including at Rolling Loud, Bonnaroo, Louder Than Life, and the Gathering of the Juggalos.

13. Plaintiff has photographed and filmed many of the most prominent artists in hip-hop, rock, and alternative music, including Lil Wayne, Slipknot, Machine Gun Kelly, The Kid Laroi, Ken Carson, Juice WRLD, and XXXTentacion, and his concert photography is regularly published by the Cincinnati music publication CincyMusic.

14. Plaintiff holds an associate degree in Electronic Media Technology from the University of Cincinnati, and his Instagram account, @fortycalproductions, has a following of more than 60,000 users.

15. Plaintiff has devoted substantial time, skill, effort, and expense to developing his videography business and creating a portfolio of original videos.

16. Plaintiff's works are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in digital media.

17. Plaintiff is the author and copyright owner of numerous original audiovisual works protected under the Copyright Act, including the Videos that are

SLG SANDERS LAW GROUP

SLG SANDERS · LAW GROUP ·

the subject of this action.

18. Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

19. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted videos.

20. Plaintiff relies upon licensing revenue derived from the authorized use of his videos and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's videos deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

21. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos, including each of the Videos.

22. Plaintiff regularly licenses Plaintiff's videos to media outlets, brands, and commercial entities for a fee.

23. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

24. On August 16, 2025, Plaintiff first published a video depicting recording artist Waka Flocka Flame with Plaintiff and festivalgoers at the 2025 Gathering of the Juggalos in Thornville, Ohio (the "Waka Flocka Edited Video") at URL https://www.instagram.com/p/DNbVVx4xDQn/. A copy of a screengrab of the Waka Flocka Edited Video is attached hereto as part of Exhibit 1.

25. Plaintiff published the Waka Flocka Edited Video by posting it to his public Instagram account for the purpose of display and/or public distribution.

26. In creating the Waka Flocka Edited Video, Plaintiff personally selected

the subject matter, timing, lighting, angle, perspective, framing, and camera equipment used to capture the footage, and selected and edited the footage, making each and every artistic determination necessary for the creation of the work.

27. On February 20, 2026, the Waka Flocka Edited Video was registered by the USCO under Registration No. PA 2-584-722.

28. On August 15, 2025, Plaintiff first published a video depicting Waka Flocka Flame in the crowd mosh pit with fans at the 2025 Gathering of the Juggalos (the "Waka Flocka Moshing Video") at URL https://www.instagram.com/p/DNbVVx4xDQn/. A copy of a screengrab of the Waka Flocka Moshing Video is attached hereto as part of Exhibit 1.

29. Plaintiff published the Waka Flocka Moshing Video by posting it to his public Instagram account for the purpose of display and/or public distribution.

30. In creating the Waka Flocka Moshing Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, framing, and camera equipment used to capture the footage, and selected and edited the footage, making each and every artistic determination necessary for the creation of the work.

31. On February 20, 2026, the Waka Flocka Moshing Video was registered by the USCO under Registration No. PA 2-584-729.

32. On February 3, 2026, Plaintiff first published a video depicting recording artist EsDeeKid performing "Rottweiler" at the Avondale Music Hall in Chicago, Illinois, during his first-ever United States performance (the "EsDeeKid Video") at URL https://www.instagram.com/p/DUUpSK3jeFA/. A copy of a screengrab of the EsDeeKid Video is attached hereto as part of Exhibit 1.

33. Plaintiff published the EsDeeKid Video by posting it to his public Instagram account for the purpose of display and/or public distribution.

34. In creating the EsDeeKid Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, framing, and camera equipment



SLG SANDERS LAW GROUP

used to capture the footage, and selected and edited the footage, making each and every artistic determination necessary for the creation of the work.

35. On February 20, 2026, the EsDeeKid Video was registered by the USCO under Registration No. PA 2-584-751. The EsDeeKid Video was registered within three months after its first publication.

36. On September 8, 2025, Plaintiff first published a video depicting recording artist Fakemink performing "LV Sandals" at his first New York City show (the "Fakemink Video") at URL https://www.instagram.com/p/DOZwW80iFwX/. A copy of a screengrab of the Fakemink Video is attached hereto as part of Exhibit 1.

37. Plaintiff published the Fakemink Video by posting it to his public Instagram account for the purpose of display and/or public distribution.

38. In creating the Fakemink Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, framing, and camera equipment used to capture the footage, and selected and edited the footage, making each and every artistic determination necessary for the creation of the work.

39. On April 17, 2026, the Fakemink Video was registered by the USCO under Registration No. PA 2-595-619.

40. Plaintiff created the Videos with the intention of them being used commercially and for the purpose of display and/or public distribution.

**B. Defendant's Infringing Activity**

41. Defendant is the owner of the Accounts and is responsible for their content.

42. Defendant is the operator of the Accounts and is responsible for their content.

43. The Accounts are a part of and used to advance Defendant's commercial enterprise.

44. Defendant operates Complex, a digital media, commerce, and entertainment company focused on youth culture, including music, sneakers, fashion, sports, and pop culture, which was acquired in 2024 in a transaction valued at approximately $108.6 million. Pigeons & Planes, a music-discovery brand that Complex has owned since 2011, is one of Defendant's media properties.

45. The Accounts are monetized in that they build and engage the audience that Defendant sells to advertisers and sponsors and drive traffic to Defendant's advertising-supported websites, including complex.com, and, on information and belief, Defendant profits from these activities.

46. Defendant's business model combines digital media with commerce and live events, including the ComplexCon festival, and Defendant uses the audience it builds through the Accounts to promote and sell those offerings and, on information and belief, Defendant profits from these activities.

47. Upon information and belief, the Accounts form part of Defendant's commercial enterprise and are used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

48. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Accounts in order to attract audience attention, increase engagement, enhance brand visibility, expand audience reach, promote products and services, and generate commercial value.

49. Upon information and belief, Defendant is a sophisticated media company operating in an industry in which the use of professional photography, videography, and copyrighted content is prevalent.

50. Upon information and belief, Defendant knew or should have known that the Videos were protected by copyright, including because the Videos were



SLG SANDERS LAW GROUP

professional-quality footage created by a third party and not by Defendant. Despite this, Defendant used the Videos without obtaining a license.

51. Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

52. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

53. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

54. Upon information and belief, Defendant and its Complex media properties have been sued for copyright infringement on multiple occasions, including in *Miller v. Commerce Media Holdings, LLC d/b/a Complex*, No. 1:26-cv-05865 (S.D.N.Y.), and in actions against Complex Media, Inc., the prior operator of the Complex brand, highlighting a pattern of habitual infringement and suggesting Defendant has either failed to rectify systemic issues leading to these infringements or is willfully neglecting copyright laws.

55. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

56. On or about August 19, 2025, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Waka Flocka Edited Video and the Waka Flocka Moshing Video on the Accounts as part of a post on its Facebook page at URL

SLG SANDERS · LAW GROUP ·

https://www.facebook.com/100064879201905/posts/1263297279176234/ and a post on its Instagram account at URL https://www.instagram.com/p/DNjRh9OyLoz/, and reproduced and publicly displayed the Waka Flocka Moshing Video as part of a post on its X account at URL https://x.com/PigsAndPlans/status/1957921623186751964 (collectively, the "Waka Flocka Infringements"). Copies of screengrabs depicting the Waka Flocka Infringements are attached hereto as part of Exhibit 2.

57. The Waka Flocka Infringements are copies or substantially similar copies of the Waka Flocka Edited Video and the Waka Flocka Moshing Video, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

58. Plaintiff first observed the Waka Flocka Infringements on February 13, 2026.

59. On or about February 4, 2026, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the EsDeeKid Video on the Accounts as part of posts at URLs https://www.facebook.com/watch/?v=862392810166155, https://www.instagram.com/p/DUV2xVxEml_/, https://x.com/PigsAndPlans/status/2019077438668460206, and https://www.tiktok.com/@pigsandplans/video/7603041358823083295 (collectively, the "EsDeeKid Infringements"). Copies of screengrabs depicting the EsDeeKid Infringements are attached hereto as part of Exhibit 2.

60. The EsDeeKid Infringements are copies or substantially similar copies of the EsDeeKid Video, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

61. Plaintiff first observed the EsDeeKid Infringements on February 13, 2026.

62. On or about September 9, 2025, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Fakemink Video on the Accounts as part of posts at URLs https://www.facebook.com/watch/?v=2126340617892320 and https://x.com/PigsAndPlans/status/1965426840480432432 (collectively, the "Fakemink Infringements"). Copies of screengrabs depicting the Fakemink Infringements are attached hereto as part of Exhibit 2.

63. The Fakemink Infringements are copies or substantially similar copies of the Fakemink Video, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

64. Plaintiff first observed the Fakemink Infringements on March 27, 2026.

65. The Waka Flocka Infringements, the EsDeeKid Infringements, and the Fakemink Infringements are referred to collectively herein as the "Infringements."

66. Upon information and belief, the Videos were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos.

67. Each of the Infringements includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

68. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Accounts, including Plaintiff's Videos.

69. Defendant exercised control over the content published on its Accounts and was responsible for selecting, uploading, and displaying the Videos. Defendant used the Videos in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.



SLG SANDERS LAW GROUP

70. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Accounts by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

71. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Accounts on Defendant's behalf.

72. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Videos.

73. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Accounts, including the content containing Plaintiff's Videos.

74. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Accounts. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringements.

75. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Accounts and exercised such control through its Representatives acting within the course and scope of their authority.

76. Upon information and belief, the Videos were intentionally and willfully selected, published, displayed, and distributed by Defendant.

77. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringements were selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

78. Upon information and belief, the Infringements were not posted at the direction of a “user” within the meaning of 17 U.S.C. §512(c) but instead were affirmatively selected and published by Defendant and/or its Representatives.

79. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

80. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

81. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Accounts.

82. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

83. Upon information and belief, Defendant monitors the content on its Accounts.

84. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

85. Upon information and belief, the Infringements increased engagement

with the Accounts and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

86. Upon information and belief, Defendant distributed the Infringements to a broad audience through the Accounts and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

87. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringements.

88. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

89. Defendant's use of the Videos harmed the actual market for the Videos.

90. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

91. Defendant's unauthorized use usurps the market for licensed uses of the Videos and undermines Plaintiff's ability to license his work to other commercial entities.

92. The commencement of this action was necessary to protect Plaintiff's rights under the Copyright Act.

93. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

94. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

95. The Videos are original, creative works in which Plaintiff owns valid

copyrights.

96. The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

97. Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of his exclusive rights in the copyright to Defendant.

98. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

99. Defendant's reproduction and display of the Videos constitutes willful copyright infringement.

100. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority.

101. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c) with respect to the EsDeeKid Video.

102. As a result of Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs pursuant to 17 U.S.C. §

505 from Defendant, as well as reasonable attorney's fees with respect to the infringement of the EsDeeKid Video.

103. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION

***(Vicarious Copyright Infringement)***

104. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

105. Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Accounts.

106. As a direct and proximate result of such conduct, Defendant profited from and materially benefited from the Infringements.

107. Defendant enjoyed a direct financial benefit from the Infringements from, inter *alia*, advertising revenue from the increased traffic to its Accounts and websites and from increased fees paid by advertisers and sponsors.

108. Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or draw of Plaintiff's Videos to increase user traffic to the Accounts, thereby increasing advertising revenue.

109. Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringements, derived a direct financial benefit from the Infringements, and failed to prevent or stop the Infringements.

110. Upon information and belief, Defendant willfully vicariously infringed

upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code.

111. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c) with respect to the EsDeeKid Video.

112. As a result of Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs pursuant to 17 U.S.C. § 505 from Defendant, as well as reasonable attorney's fees with respect to the infringement of the EsDeeKid Video.

113. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

114. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interests in and to the Videos by copying, reproducing, distributing, publishing, and publicly displaying them without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided

by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c) with respect to the EsDeeKid Video, whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation against Defendant pursuant to 17 U.S.C. § 505, and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 with respect to the infringement of the EsDeeKid Video;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: October 27, 2026

**SANDERS LAW GROUP**

By: *__/s/ Craig Sanders__*
Craig Sanders, Esq. (SBN: 284397)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 144728

*Attorneys for Plaintiff*